UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA LEE,

    Plaintiff,                        CIVIL ACTION NO. 08-14284

    v.                             DISTRICT JUDGE ARTHUR J. TARNOW

COMMISSIONER OF SOCIAL       MAGISTRATE JUDGE DONALD A. SCHEER
SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant regained the residual functional capacity for a limited range of light work after January 1, 2004.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on August 26, 1999, alleging that she had become disabled and unable to work due to severe back and leg pain. Benefits were granted by the Social Security Administration (SSA) in August 1999. Subsequently, pursuant to a continuing disability review, it was determined that Plaintiff was no longer eligible for benefits as of January 1, 2004, because her back and leg pain were no longer disabling. Plaintiff appealed this determination, which was affirmed by the SSA upon reconsideration. A requested de novo hearing was held on January 30, 2006, before Administrative Law Judge (ALJ) Melvin Kalt. The ALJ found that claimant's back and leg pain had medically improved. He determined that the claimant had regained the residual

functional capacity, after January 1, 2004, to perform simple, routine light work accommodating her limited ability to repetitively bend or twist. The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's termination of benefits after January 1, 2004 was supported by substantial evidence on the record.

Plaintiff was 51 years old in January 2004 (TR 316). She had a limited education, and had been employed as a fast food clerk, nursing home attendant, retail stock person and restaurant cook (TR 316-317). Plaintiff elected to proceed with the hearing without representation, after being informed of her right to counsel (TR 314). Claimant alleged that she remained disabled after January 2004, due to severe leg and back pain (TR 321). Plaintiff testified that she was unable to sit, stand or walk for prolonged periods (TR 322). Claimant estimated that she could walk only one block at a time, lift about 10 pounds, and sit for approximately 45 minutes before needing to change positions (TR 326-327). She added that pain medications proved ineffective, and she needed to lie down throughout the day to get any pain relief (TR 320-322).

A Vocational Expert, Raymond Dulecki, classified Plaintiff's past work as light to medium, semiskilled activity, which did not impart any transferable skills to lighter work (TR 331). The witness testified that if the claimant were capable of light work, there were numerous inspection, packaging, assembly, janitorial and machine operation jobs that she could perform with minimal vocational adjustment (TR 331-332). These simple, routine jobs did not require much concentration, and did not involve repeated bending, stopping or twisting (TR 331).

STANDARD OF REVIEW

To determine whether a beneficiary's disability continues, the Commissioner considers: (1) whether there has been medical improvement in the individual's condition related to her ability to work; and (2) whether the individual can perform substantial gainful activity. 42 U.S.C. §§423(f)(1), 1614(a)(4)(A)(I). For purposes of determining whether medical improvement has occurred, the SSA compares a beneficiary's current condition with her condition as of the date of the most recent favorable medical decision. 20 C.F.R. §404.1594(b)(7)(2009).

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court also does not try the case de novo, or resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen,

800 F.2d 535, 545 (6th Cir. 1986) (en banc); <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993).

<u>LAW JUDGE'S DETERMINATION</u>

The Administrative Law Judge found that Plaintiff was impaired as result of back and leg pain, but that the pain had medically improved since August 1999, (the date of the original disability decision) such that she could perform simple, routine light work that did not involve repetitive bending or twisting. The ALJ terminated claimant's DIB and SSI benefits as of January 2004.

<u>DISCUSSION AND ANALYSIS</u>

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff regained the ability to perform a significant number of light jobs after January 2004, that accommodated her limited ability to carry out complex tasks and repetitively bend and twist. Contrary to Plaintiff's contention, the medical evidence of record supported the finding that Plaintiff's back condition had improved since the date of the original disability decision, and that she could now perform the walking, standing and lifting required of light work activity.

The claimant was found to be disabled in August 1999 due to severe leg and back pain. In finding her disabled, the SSA noted that the pain had caused reflex and leg muscle abnormalities, and had interfered with her ability to raise her legs while in a recumbent position (TR 32). A physical examination by Dr. Chris Chang in November 2003, however, showed medical improvement and reduced pain symptoms stemming from her back/neck condition. Plaintiff told Dr. Chang that the pain no longer interfered with her ability to perform most daily activities. The consultative examiner reported that the claimant enjoyed

normal ranges of joint motion, without any tenderness or discomfort. She exhibited good strength in all extremities. Straight leg raising was negative, and there were no longer any neurological abnormalities. Plaintiff was able to get on and off the examination table without difficulty, despite moderate limitation of lumbosacral spine motion (TR 240-241).

Objective clinical findings also indicated that claimant's back and leg pain had medically improved. An MRI of her lumbar spine, conducted in March 2005, showed no signs of a herniated disc. Both a lower extremity EMG and a nerve conduction study were normal (TR 267, 269). A bilateral lower extremity arterial duplex scan, done in December 2004, showed no evidence of any blood insufficiencies in either leg (TR 272).

Following five months of physical therapy that ended in May 2003, Plaintiff's overall strength and ranges of joint motion were said to have improved. Moreover, claimant reportedly told her therapists that she was pain free nearly 100 percent of the time (TR 145). Other than completing this course of physical therapy, the Plaintiff did not seek medical treatment for her back or leg pain from February 2001 through June 2006. This suggests that the pain had, in fact, improved, and no longer prevented her from performing substantial gainful activity.

Given the objective clinical findings showing medical improvement from the time Plaintiff was initially granted disability benefits, and the complete lack of medical treatment for nearly five years, the Law Judge reasonably determined that the claimant was no longer entitled to disability benefits. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms after January 2004 were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff remained totally disabled. However, special deference is owed to the credibility finding of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said in light of how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs existing in the economy, notwithstanding her impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous inspection, packaging, assembly, janitorial and machine operation jobs that she could perform with minimal vocational adjustment (TR 331-332). These simple, routine jobs did not require much concentration, and did not involve any repeated bending, stopping or twisting (TR 331). Given the objective clinical findings of the examining physicians and physical therapists of record since May 2003, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scher<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: June 8, 2009 _____

**7**

## CERTIFICATE OF SERVICE

I hereby certify on June 8, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 8, 2009: **None.**

                                                           s/Michael E. Lang  
                                                           Deputy Clerk to  
                                                           Magistrate Judge Donald A. Scheer  
                                                           (313) 234-5217